UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DISCOVER GROWTH FUND, LLC, | Case No. 3:22-cv-00427-LRH-CSD |
| Plaintiff, | ORDER |
| v. | |
| CLICKSTREAM CORPORATION, | |
| Defendant. | |

Before the Court is Defendant Clickstream Corporation's ("Clickstream") 12(b)(6) Motion to Dismiss. ECF No. 5. Plaintiff Discover Growth Fund, LLC ("Discover") opposed the motion (ECF No. 12) and Clickstream replied to the opposition (ECF No. 14). Also before the Court is Clickstream's Motion to Transfer Venue (ECF No. 8) which Discover opposed (ECF No. 13) and Clickstream replied (ECF No. 15). Before reaching the merits of either motion, the Court dismisses the action with leave to amend for lack of subject matter jurisdiction. Discover shall file an Amended Complaint no later than July 17, 2023, to cure the subject matter jurisdiction deficiency stated herein. The Court reserves ruling on the pending motions until after Discover files an Amended Complaint.

This matter primarily involves a contractual dispute stemming from Clickstream's alleged failure to repay money owed to Discover. Around November 2021, Clickstream allegedly sought to borrow money from Discover. ECF No. 1 at 2. The parties agreed to the transaction and Clickstream drafted a promissory note which outlined the terms and conditions of their agreement (the "Note"). *See id.*; *see also* ECF No. 8 at 3. The Note required Clickstream to repay Discover a principal sum of $600,000—subject to an "Original Issuers Discount of 20%"—plus accrued

interest by May 16, 2022 (the "Loan"). ECF No. 1-1 at 2. According to Discover, Clickstream failed to repay the Loan by the agreed upon deadline. ECF No. 1 at 3. As a result, Discover filed its Complaint in United States District Court for the District of Nevada alleging that Clickstream (1) breached the Note by failing to repay the Loan; (2) intentionally misrepresented that the Note's terms were legal and acceptable to induce the Loan;  (3) was unjustly enriched as a result of the Loan; (4) engaged in deceptive trade practices concerning the Loan; and (5) breached the implied covenant of good faith and fair dealing. *Id*. at 3–8.

In the Complaint, Discover alleges that the Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a)(2) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. ECF No. 1 at 2. A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). For purposes of diversity, a limited liability company is a citizen of all states where its members are citizens. *Johnson v. Columbia Propes. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens.").

Here, the Court finds that Discover has failed to meet its burden of establishing that complete diversity exists. Discover states that it "is a limited liability company organized under the laws of the United States Virgin Islands ('USVI') with its principal pace of business in St. Thomas, USVI." ECF No. 1 at 1. Discover, a limited liability company, has failed to allege diversity because it has not identified its members, the citizenship of its members, whether its members are comprised of additional business entities, and the citizenship of those entities. Without adequately identifying the citizenship of its members, a limited liability company fails to sufficiently establish complete diversity. *See Segundo Suenos*, *LLC v. Jones*, 494 F. App'x 732, 735 (9th Cir. 2012) (holding that alleged subject matter jurisdiction based on diversity was "legally deficient" because the complaint contained "no allegations setting forth the citizenships of the constituent members of the limited liability company"); *see also Lindley Contours, LLC v. AABB*

*Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (remanding to district court with instructions to vacate its orders and remand to state court because appellees did not identify the citizenship of each limited liability company member and limited liability partnership partner and, as such, failed to adequately plead complete diversity).

Without more information regarding Discover's members, specifically the identification and citizenship of each member, the Court finds that Discover has failed to adequately allege complete diversity. Therefore, the Court lacks subject matter jurisdiction over the current matter. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). For these reasons, the Court dismisses Discover's Complaint for lack of subject matter jurisdiction. However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C § 1653. Moreover, dismissing an action without leave to amend "is improper unless it is clear [. . .] that the complaint could not be saved by any amendment." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007). Here, the Court finds that amendment may save the stated diversity jurisdiction deficiency.

IT IS THEREFORE ORDERED that Discover's Complaint is dismissed, with leave to amend, for lack of subject matter jurisdiction. Discover shall file an Amended Complaint, if any, no later than July 17, 2023. Failure to do so may result in dismissal of this action without prejudice.

IT IS FURTHER ORDERED that the Court reserves ruling on the pending motions—12(b)(6) Motion to Dismiss (ECF No. 5) and Motion to Transfer Venue (ECF No. 8)—until the Amended Complaint is filed and subject matter jurisdiction is adequately pled.

IT IS SO ORDERED.

DATED this 27th day of June, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE